**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ENVIRONMENTAL INTEGRITY PROJECT**<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br>1200 Pennsylvania Ave., N.W.<br>Washington, DC 20460<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil No. 18-923<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.　Plaintiff, the Environmental Integrity Project (EIP or "Plaintiff"), seeks declaratory and injunctive relief to remedy violations of the Freedom of Information Act (FOIA or "Act"), 5 U.S.C. § 552, by Defendant, the U.S. Environmental Protection Agency (EPA or "Defendant"), for failure to respond to Plaintiff's February 8, 2018 FOIA request (EPA-HQ-2018-004264 within 20 working days (or within 30 days if the 10-day extension is properly invoked) as mandated by the statute, and produce the records improperly withheld.

1

## JURISDICTION

2. This action arises under the citizen suit provision of the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B).

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. This Court is a proper venue for all FOIA actions. 5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

5. FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief from withholding records and to order production of such records, and grant other equitable relief as the Court may deem just and proper. 5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 19-20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

6. This Court has jurisdiction to hear this claim, as Plaintiff has exhausted its administrative remedies through EPA's failure to respond within 20 working days (or 30 working days if the ten day extension was properly invoked) as required by law. 5 U.S.C. § 552(a)(6)(A)(i). Under FOIA, requesters "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552(a)(6)(C)(i).

7. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff EIP is a nonpartisan, nonprofit organization founded in 2002 by former EPA enforcement attorneys to advocate for more effective enforcement of environmental laws. EIP's three main objectives are: to illustrate through objective facts and figures how the failure to enforce or implement environmental laws increases pollution and affects the public's health; to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and to help local communities in key states obtain the protection of environmental laws. Consistent with our mission, we submit FOIA requests from time to time for records that reflect on the current EPA Administrator's position on key agency matters, such as compliance assurance, enforcement, and EPA rulemaking and policy.

9. Defendant EPA is a government agency responsible for protecting human health and the environment. Defendant EPA has possession, custody, and control of records to which Plaintiff EIP seeks access. Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington, DC 20460.

## LEGAL BACKGROUND

### EPA's Requirements to Respond to FOIA Requests

10. FOIA requires that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor; the right of such person to seek assistance from the FOIA Public Liaison of the agency; and in the case of adverse determination – the right of such person to appeal…[or] to seek dispute resolution

services from the FOIA Public Liaison. . . ." 5 U.S.C. § 552(a)(6)(A)(i). In "unusual circumstances" the time limits may be extended by written notice, which must include "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). This extension notice may not "specify a date that would result in an extension for more than ten working days" unless defendant invokes a narrow exception, wherein the agency reasonably asks the requester to narrow the scope of his or her inquiry. *Id*. Thus, the statute mandates that an agency shall respond with a determination within 20 working days after receiving a FOIA request unless the agency in writing properly invokes the up to ten working day extension due to "unusual circumstances".

11. Upon any request for records, an agency shall make the records "promptly available." 5 U.S.C. § 552(a)(3)(A); *see also* 40 C.F.R. § 2.104(f) ("Once an office makes a determination to grant a request in whole or in part, it will release the records or parts of records…").

### Exhaustion of Administrative Remedies

12. FOIA provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552(6)(C)(i).

### FACTUAL BACKGROUND

13. On February 8, 2018, Plaintiff submitted a FOIA request through the FOIAOnline portal seeking records of EPA employee and photographer Eric Vance (travel vouchers and certain specified videos and photographs) as well as all photographs placed on or added to EPA's intranet between January 2, 2017 and the present. The FOIA was directed to EPA Headquarters

and included an attachment which provided an example of the kind of travel voucher sought with regard to Mr. Vance (February 8, 2018) (Ex. A).

14. EIP received an electronic acknowledgment that the request was received by EPA on February 8, 2018. The FOIA tracking number for this request is EPA-HQ-2018-004264. EPA Receipt Confirmation Email to EIP (February 8, 2018) (Ex. B).

15. On March 15, 2018, EIP's Mary Greene contacted EPA to request an update regarding the FOIA since other than the electric acknowledgement of receipt, EPA had not contacted EIP. At this point, more than 20 working days had elapsed. EIP Email to EPA regarding an update (March 15, 2018) (Ex. C).

16. As of March 15, 2018 and through the present, the FOIAOnline portal has listed the FOIA due date as March 12, 2018.

17. The correct response date for the FOIA is March 8, 2018, 20 working days from EPA's acknowledgement of receipt.

18. On March 15, 2018, Denise Walker from EPA attempted to contact Mary Greene at EIP by phone and also emailed Ms. Greene on that same date. Ms. Walker stated she could be contacted at (202) 564-6520. The email received by EIP was from white.candace@epa.gov, though, not from Ms. Walker's presumed email, walker.denise@epa.gov.[1] EPA email to EIP (March 15, 2018) (Ex. D).

19. An undated EPA letter from EPA's Denise Walker to EIP's Mary Greene was attached to the March 15, 2018 email. EPA undated letter (delivered via email on March 15, 2018) (Ex. E). The letter stated that EPA requires until September 10, 2019 to respond to the

---

[1] Ms. Greene attempted to email EPA's Ms. Walker at walker.denise@epa.gov but the email converts to or otherwise appears as white.candace@epa.gov.

5

FOIA request. EPA claims in the letter that the request constitutes "unusual circumstances" that requires additional time to respond (Ex. E).

20. EPA's undated letter emailed to EPA on March 15, 2018 was not delivered to EIP within 20 working days of receipt of the FOIA request.

21. EIP's Mary Greene returned EPA's (Ms. Walker's) phone call on March 16, 2018, leaving a voicemail message for her on the phone number provided. The voicemail message from Ms. Greene indicated that she wished to speak to Ms. Walker with regard to the March 15, 2018 letter and also expressed confusion over the correct name and/or email address of the EPA contact person assigned to this FOIA (Denise Walker or Candace White). That same day, EIP also attempted to call Candice White and left a voicemail.

22. On March 16, 2018, EIP's Mary Greene also emailed Ms. Walker (at [white.candace@epa.gov](mailto:white.candace@epa.gov)) regarding the voicemail Ms. Greene left that same day. In this email, Ms. Greene stated she wished to discuss the letter received on March 15, 2018. Again, Ms. Greene raised the issue of the odd email account associated with Ms. Walker's name ([white.candace@epa.gov](mailto:white.candace@epa.gov)). EIP email to EPA re March 15, 2018 EPA letter (March 16, 2018) (Ex. F).

23. On March 28, 2018, Denise Walker from EPA sent another email, with text identical to the March 15, 2018 email. Again, the email address was not Ms. Walker's but rather [white.candace@epa.gov](mailto:white.candace@epa.gov). EPA email to EIP in follow-up to EIP's March 16, 2018 phone calls and email (March 28, 2018) (Ex. G).

24. On March 28, 2018, EIP's Mary Greene replied to Ms. Walker's email to let her know that she was out of the country and would call her the following week. In this email, Ms.

Greene noted that she had made multiple attempts to contact her in the previous weeks.  EIP email to EPA (March 28, 2018) (Ex. H).

25. On April 2, 2018, EIP's Mary Greene emailed EPA's Denise Walker at white.candace@epa.gov to inform her that her phone number was not in service and to ask that Ms. Walker again contact EIP.  EIP email to EPA (April 2, 2018) (Ex. I).

26. On April 6, 2018, EIP received an email from white.candace@epa.gov stating in part that "Your request for Fee Waiver for the FOIA request EPA-HQ-2018-004264 has been determined to be not applicable as the request is not billable." EPA email to EIP regarding fee the waiver request (April 6, 2018) (Ex. J).

27. A letter dated April 5, 2018 from EPA to EIP was attached to EPA's April 6, 2018 email regarding the issue of EIP's fee waiver request. EPA letter from Larry F. Gottesman to Mary Greene at EIP re fee waiver request (April 5, 2018 (Ex. K).

28. On April 6, 2018, EIP's Mary Greene attempted to contact EPA's Denise Walker again at (202) 564-6520 but received an automated message that a nonworking number had been reached.  Ms. Greene again contacted Ms. Walker by email at white.candace@epa.gov immediately following the failed phone call attempt with regard to the fee waiver email and letter and also to voice concern over the lack of communication.  EIP email to EPA (April 6, 2018) (Ex. L).

## CLAIM FOR RELIEF:

## VIOLATION OF 5 U.S.C. § 552

29. Plaintiff re-alleges and incorporates paragraphs 1 through 28.

30. Plaintiff has a statutory right to have EPA process Plaintiff's FOIA requests and to receive notice of EPA's determination whether to comply with Plaintiff's requests within the

timeframes mandated by the Act, and to have the requested records made promptly available to Plaintiff.

31.     Defendant's failure to timely respond to Plaintiff's FOIA request is an improper withholding of requested records and a violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i).  FOIA then requires that "each agency, upon any request for records… make the records promptly available…" 5 U.S.C. § 552(a)(3)(A).

32.     This delay is unreasonable in light of the fact that the records EIP is requesting are possessed by EPA and readily accessible by the Agency.

33.     In EPA's undated letter attached to an email on March 15, 2018, EPA did not seek clarification but asked to discuss the scope of the request with regard to the photographs "placed on or added to EPA's intranet between January 1, 2017 and the present.  EPA undated letter (delivered via email on March 15, 2018) (Ex. E).

34.     EPA's March 15, 2018 letter also states that the request requires a search in multiple EPA offices, thus constituting "unusual circumstances".  EPA undated letter (delivered via email on March 15, 2018) (Ex. E).

35.     Mr. Vance is a single EPA employee with a single work assignment location.  The intranet is easily accessible by any EPA staff who has authority to access.  This request does not require a search in multiple EPA offices to the extent that it rises to "unusual circumstances".  EPA undated letter (delivered via email on March 15, 2018) (Ex. E).

36. Even if the request required EPA to search for Mr. Vance's records in more than one location with EPA (for instances, Mr. Vance's files and also the files of the office that arranges travel), or the request for intranet photographs required searches in multiple locations, the FOIA request is not so broad as to rise to the level of a search that includes "unusual circumstances".

37. Even should this court conclude the scope of the request constitutes "unusual circumstances", EPA did not invoke this provision, which allows a ten day extension where unusual circumstances are present, within the required 20 working days. 5 U.S.C. § 552(a)(6)(A)(i).

38. EPA failed to respond within 20 working days to EIP's FOIA request and therefore cannot invoke an extension by law.

39. EIP is unable to obtain the requested records directly from alternate sources because the requested materials were produced by EPA.

40. EPA's disregard of its duty to timely release the documents requested has harmed and will continue to harm Plaintiff until EPA is compelled to comply with FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare Defendant's failure to timely respond to Plaintiff's requests to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B).

B. Order Defendant to respond immediately to Plaintiff's February 8, 2018 FOIA request without fees charged to EIP.

C. Order Defendant to immediately provide Plaintiff with all records responsive to Plaintiff's FOIA request.

  D. If EPA's response to any portion of the FOIA request claims that any records or portions of records are exempt from disclosure, order Defendant to provide a reasonable basis for its exemptions in satisfaction of the *Vaughn v. Rose* requirements.[2]

  E. Award Plaintiff its costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

  F. Retain jurisdiction to ensure compliance with the Court's decree.

  G. Grant such other relief as the Court deems just and proper.

DATED:  April 19, 2018

Respectfully submitted,

/s/ Mary E. Greene
Mary E. Greene, DC Bar No. 987644
Environmental Integrity Project
1000 Vermont Ave., Suite 1100
Washington, DC 20005
(202) 263-4449
mgreene@environmentalintegrity.org

*Counsel for Environmental Integrity Project*

---

[2] 484 F.2d 820 (D.C. Cir. 1973).